UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAMPIONSHIP AUTO RACING
TEAMS, INC.,

          Plaintiff,

vs.

JOSEPH F. HEITZLER,

          Defendant.

_____/

CASE NO. 02-CV-71143-DT
HONORABLE PATRICK J. DUGGAN

## OPINION

Plaintiff, Championship Auto Racing Teams, Inc. (CART), filed this action in this Court on March 26, 2002, pursuant to this Court's diversity jurisdiction. The case arises out of a contractual employment relationship between CART and Defendant, Joseph F. Heitzler (Heitzler). Plaintiff's Complaint asserts claims of breach of contract, breach of fiduciary duty, and fraud.

The matter is currently before the Court on the following motions: CART's Motion to Enjoin Defendant From Prosecuting His Parallel Action in California; Heitzler's Motion to Dismiss Count III-Fraud F.R.C.P. Rule 12(b)(6) & Rule 9; and Heitzler's Motion to Transfer Case to California Pursuant to 28 U.S.C. §1404(a). A hearing was held on these motions on August 8, 2002.

## DISCUSSION

Based on counsel's statements at the August 8 hearing, CART's Motion to Enjoin is moot. Counsel for both parties agreed that the parties' claims should be decided by one court, either in this Court or in California. Therefore, the Court's decision on Heitzler's Motion to Transfer will serve to resolve CART's Motion to Enjoin.

At the hearing, the Court indicated to the parties that Heitzler's Motion to Dismiss shall be denied because the deficiencies complained of in Heitzler's Motion can be cured through discovery.

Heitzler's Motion to Transfer this action, pursuant to 28 U.S.C. § 1404(a), to California shall be granted for the reasons set forth below.

Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). This Court has discretion under Section 1404(a) "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 108 S.Ct. 2239, 2244 (1988). Generally, deference is given to plaintiff's choice of forum. *Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F.Supp.2d 1014, 1023 (E.D.Mich. 2002). However, if "a plaintiff chooses a forum other than its home forum, that choice receives less deference." *American Littoral Soc. v. United States E.P.A.*, 943 F.Supp. 548, 551 (E.D.Pa. 1996).

**Interests of Justice:**

Heitzler argues that the interests of justice are served by transferring this case to California where there are two related cases pending.[1]

This Court does not believe that the fact that CART filed its action in Michigan prior to Heitzler filing an action in California, is of any particular significance in a motion for change of venue pursuant to 28 U.S.C. § 1404(a). This Court also does not believe any significance should be given to the fact that Michigan law will apply in this action because this Court has no reason to believe that a California court would have difficulty applying Michigan law in this case, if in fact, the law is different than California law.[2]

The Court believes, and the parties do not seem to seriously dispute, that the most significant factors to be evaluated in deciding this Motion are the convenience of the parties and the convenience of the witnesses.

**Convenience of the Parties:**

Heitzler contends that the convenience of the parties would be served by transferring this case to California. CART is now located in Indiana.[3] Heitzler is a citizen of California. Therefore, Heitzler contends Michigan and California are distant forums for CART, while

---

[1] Part of Heitzler's contention is that the case would come up for trial faster in the district court in California. At the hearing, the Court informed counsel that it is ready to try this case as soon as counsel are ready. Therefore, this argument is not persuasive.

[2] Heitzler contends that the "choice of law is largely irrelevant since the district court, either in California or Michigan, must apply the same state law." (Def.'s Br. at 8).

[3] CART asserts that at the time of filing this lawsuit, it was located in Michigan.

3

California is a convenient forum for Heitzler. CART contends Michigan is still more convenient for it because it continues to conduct significant business in Michigan, while it has no offices in California. In this Court's opinion, it would appear to be slightly more convenient for the case to be heard in Heitzler's home state than it would to be held in a state which is not CART's home state but is close to CART's home state. However, the fact that convenience of the parties may slightly favor Heitzler is not sufficient, in and of itself, to warrant transfer of venue.

**Convenience of the Witnesses:**

CART acknowledges that the convenience of non-party witnesses "is the most important factor in the transfer balance." (Pl.'s Br. in Opp. at 5)(citing *Rose v. Franchetti*, 713 F.Supp. 1203, 1214 (N.D.Ill. 1989). CART states:

> Probably <u>the most important factor</u>, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. §1404(a) <u>is the convenience of witnesses</u>. If the forum chosen by Plaintiff will be most convenient for the witnesses, this is a powerful argument against transfer, while if some other forum will better serve the convenience of witnesses, transfer is likely to be granted.

(*Id.*)(emphasis in original)(quoting 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851 (2d ed. 1986)).

This Court agrees that the convenience of non-party witnesses is, in this case, the most significant factor.

Heitzler contends that convenience of the witnesses calls for transfer of this case to California. Heitzler lists himself, his wife, Chad Heitzler (his son), his doctors (unclear how

4

many doctors), James Turken (his attorney in the employment agreement negotiations), Chris Pook[4] (CART's current CEO), David Meffert (a former CART employee), John Dellapena (a former CART team owner), and Cal Wells (another former CART team owner) as witnesses for whom California would be a more convenient forum.

In its Brief in Opposition, CART contends that, with respect to Heitzler's son, wife, and previous attorney, "Heitzler's claim that these witnesses are relevant to his emotional distress claims are, at best, suspect and self-serving . . . ." (Pl.'s Br. in Opp. at 6). CART does not, however, challenge the other witnesses listed by Heitzler.

CART lists two witnesses who are residents of Michigan - James Grosfeld and Deborah Schneider. CART also lists Thomas Carter, a resident of Indiana.

In this Court's opinion, the convenience of the non-party witnesses definitely favors the transfer of venue. The fact that CART is no longer a resident of Michigan (and therefore, keeping the case in Michigan will result in a trial in a forum which is not "home" to either party) would not, in and of itself, compel a transfer. The significant inconvenience to the non-party witnesses combined with the fact that convenience with respect to the parties slightly favors Heitzler, however, persuades this Court that transfer of this case to California

---

[4] Both parties have listed Christopher Pook as a witness for whom the party's respective forum is more convenient. In his Brief, Heitzler states that he "is informed that Mr. Pook continues to maintain his personal residence in Los Angeles County, California." (Def.'s Br. at 9). CART's counsel's affidavit lists Pook as residing in Indiana, and as being a witness for whom Michigan is more convenient because of CART's principal offices being in Indiana. Both parties claiming this witness as one for whom its choice of forum is more convenient, the Court will not consider Christopher Pook in deciding on the convenience of witnesses.

would be in the best interests of justice. Therefore, Heitzler's Motion to Transfer this case to the United States District Court for the Central District of California shall be granted.

An Order consistent with this Opinion shall issue forthwith.

_____
PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Date:   SEP 25 2002

Copies to:
Norman C. Ankers, Jason Schian Conti
Stephen R. Bernstein
Eric J. Diamond